**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SEKA A. MCCLELLAND, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 22-cv-5098 |
| | ) | |
| v. | ) | Complaint for Violation of Civil Rights |
| | ) | |
| Eric D. Wright, Badge No. 7655, Jorie E. | ) | **JURY DEMANDED** |
| Helstern-Wood, Badge No. 9770, Carlos | ) | |
| Ramos., Jr., 12046, and Unknown and | ) | |
| Unnamed Chicago Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

Plaintiff Seka A. McClelland, by and through her attorneys, Ed Fox & Associates, Ltd., files the following Complaint:

## JURISDICTION AND VENUE

1.      This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This Court has jurisdiction under and by virtue of 28 U.S.C. Sections 1331 and 1343.

2.      The venue is founded in this judicial Court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.      At all times mentioned herein, Plaintiff Seka A. McClelland ("Plaintiff") was and is a United States citizen and was within this Court's jurisdiction.

4.      At all times mentioned herein, Sergeant Eric D. Wright, Badge No. 7655 ("Wright"), Jorie E. Helstern-Wood, Badge No. 9770, Carlos Ramos., Jr., 12046 and Unknown and Unnamed Chicago Police Officers (Collectively "Defendant Officers") were employed by the

City of Chicago Police Department and acted under the color of state law and as the employees, agents, or representatives of the City of Chicago. Plaintiff is suing Defendant Officers in their individual capacities.

## FACTUAL ALLEGATION

5.      On or about December 29, 2020, at all times material, Plaintiff was lawfully sitting in her vehicle outside 19 East 118th Street, Chicago, Illinois.

6.      A Defendant Officer opened Plaintiff's vehicle and began searching it.

7.      There was no just cause to search Plaintiff's vehicle.

8.      Defendant Wright arrived and commanded Plaintiff to exit her vehicle.

9.      There was no just cause to command Plaintiff to exit her vehicle.

10.     Defendant Wright punched Plaintiff in the face.

11.     There was no just cause to punch Plaintiff in the face.

12.     Defendant Wright pulled Plaintiff out of the vehicle.

13.     There was no just cause to pull Plaintiff out of the vehicle.

14.     One or more Defendant Officers handcuffed Plaintiff.

15.     There was no just cause to handcuff Plaintiff.

16.     Plaintiff was taken into a police vehicle and transported to the police station.

17.     There was no just cause to transport Plaintiff to the police station.

18.     Defendant Officers had Plaintiff's vehicle impounded.

19.     There was no just cause to impound Plaintiff's vehicle.

20.     Plaintiff was charged with resisting or obstructing a police officer. However, the Court struck the charge on or about March 4, 2022, indicative of her innocence.

21.     Defendant Officers had no legal cause to search Plaintiff's vehicle, command her

to exit the vehicle, punch her in the face, pull her out of the vehicle, handcuff and detain and/or arrest her, or charge her with any violation of the law.

22.    As a direct and proximate result of one or more of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff suffered significant injuries, including but not limited to the loss of liberty, invasion of privacy, humiliation and indignities, and suffered great mental and emotional pain in an amount yet to be ascertained.

23.    The actions and/or omissions mentioned above by Defendant Officers were willful, wanton, malicious, oppressive, and done with reckless indifference and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

24.    By reason of the above-mentioned actions and/or omissions by Defendant Officers, Plaintiff retained attorneys to institute, prosecute, and render legal assistance to her in the within action so that she might vindicate the loss and impairment of her rights. By reason thereof, Plaintiff requests payment by Defendant Officers of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

### COUNT I
### PLAINTIFF AGAINST DEFENDANT WRIGHT FOR EXCESSIVE FORCE IN VIOLATION OF THE FOURTH AMENDMENT

25.    Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

26.    Defendant Wright seized and used force against Plaintiff by punching her in the face.

27.    There was no just cause to use force against Plaintiff.

28.    Because of Defendant Wright's conduct, Plaintiff was deprived of rights,

3

privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

29.     The force inflicted upon Plaintiff was unnecessary, unreasonable, and excessive and violated Plaintiff's Fourth Amendment Rights. Therefore, Defendant Wright is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT II**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNLAWFUL SEARCH IN VIOLATION OF THE FOURTH AMENDMENT**

30.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

31.     Defendant Officers deprived Plaintiff of her rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

32.     The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff's vehicle violated Plaintiff's Constitutional Rights and was not authorized by law. Defendants Officers violated Plaintiff's rights by searching Plaintiff's vehicle without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT III**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR WRONGFUL DETENTION/ARREST IN VIOLATION OF THE FOURTH AMENDMENT**

33.     Plaintiff hereby incorporates and realleges paragraphs one through twenty-four (24) hereat as though fully set forth at this place.

34.     Defendant Officers deprived Plaintiff of her rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted

4

thereunder.

35.     The arbitrary handcuffing and detention and/or arrest of Plaintiff violated her Constitutional Rights and were not authorized by law. Defendant Officers violated Plaintiff's rights by unlawfully handcuffing and detaining and/or arresting Plaintiff without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR UNLAWFUL SEIZURE OF HER VEHICLE IN VIOLATION OF THE FOURTH AMENDMENT**

36.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) hereat as though fully set forth at this place.

37.     Defendant Officers deprived Plaintiff of rights, privileges, and immunities secured to her by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

38.     The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff's vehicle violated Plaintiff's constitutional rights and was not authorized by law. Defendants violated Plaintiff's rights by impounding her motor vehicle without just cause. These acts violated Plaintiff's Fourth Amendment rights. Therefore, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT V**
**PLAINTIFF AGAINST DEFENDANT OFFICERS FOR MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AMENDMENT**

39.     Plaintiff hereby incorporates and realleges paragraphs one (1) through twenty-four (24) as though fully set forth at this place.

40.     Defendant Officers acted with malice in doing all the acts alleged herein.

5

41. Plaintiff was wrongfully seized, continually detained, and wrongfully charged with a crime.

42. There was no probable cause to prosecute Plaintiff.

43. The Court terminated the charges in a manner indicative of Plaintiff's innocence.

44. Plaintiff was damaged emotionally and otherwise from the unlawful acts of Defendant Officers.

45. The arbitrary intrusion by Defendant Officers into the security and privacy of Plaintiff violated Plaintiff's Constitutional Rights and was not authorized by law. Defendant Officers violated Plaintiff's rights by prosecuting Plaintiff without just cause. The foregoing was unnecessary, unreasonable, excessive, and therefore violated Plaintiff's rights and deprived her of liberty. Accordingly, Defendant Officers are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**WHEREFORE**, Plaintiff Seka A. McClelland, by and through her attorneys, Ed Fox & Associates, requests judgment as follows:

1. That Defendants and each of them, known and unknown, and other unnamed and unknown Defendants be required to pay Plaintiff general damages, including emotional distress and pain and suffering, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff special damages;

3. That these same Defendants be required to pay Plaintiff's attorneys fees pursuant to § 1983 of Title 42 of the United States Code, § 1988 of Title 42 of the United States Code, the Equal Access to Justice Act, or any other applicable provision;

4. At all times mentioned herein, the Unknown and Unnamed Police Officers were employed by the City of Chicago and were acting under the color of state law and as the employee, agent, or representative of the City of Chicago. These Officers are being sued in their individual capacities. When the names of these Officers are ascertained, Plaintiff will seek leave of Court to amend this Complaint to add their names.

5. City of Chicago be required to pay Plaintiff punitive and exemplary damages in a sum to be ascertained;

6.  That Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

7.  That Plaintiff have such other and further relief as this Court may deem just and proper.


BY:     /s/Peter T. Sadelski
        Peter T. Sadelski
        ED FOX & ASSOCIATES, LTD.
        Attorneys for Plaintiff
        300 West Adams, Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        psadelski@efoxlaw.com


**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:     /s/Peter T. Sadelski
        Peter T. Sadelski
        ED FOX & ASSOCIATES, LTD.
        Attorneys for Plaintiff
        300 West Adams, Suite 330
        Chicago, Illinois 60606
        (312) 345-8877
        psadelski@efoxlaw.com